IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JUDY YOUNGBLOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:24-cv-287 (MTT) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER

This is a trip and fall case. The plaintiff, Judy Youngblood, alleges that the United States, through the Department of Veterans Affairs ("VA"), is liable under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b)(1), for failing to repair or maintain an uneven sidewalk at the Norwood Veterans Administration Center in Augusta, Georgia.[1]  Doc. 23 ¶ 35. The Government has moved to dismiss, arguing that the discretionary function exception to the FTCA applies and, thus, the Court lacks subject matter jurisdiction. Doc. 13. For the following reasons, the Government's motion to dismiss (Doc. 13) is **DENIED**.

A motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) generally takes one of two forms—a facial attack or a factual attack. *Garcia v. Copenhaver, Bell & Assocs. M.D.'s*, 104 F.3d 1256, 1260-61 (11th Cir.1997). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations are taken

---

[1] For purposes of this motion, the Government does not dispute that it owns and controls the sidewalk at issue. Doc. 13 at 8.

as true for the purpose of the motion." *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008) (quotation marks and citation omitted). To survive a facial attack based on the discretionary function exception to the FTCA, the plaintiff must "allege a plausible claim that falls outside the discretionary function exception." *Douglas v. U.S.*, 814 F.3d 1268, 1275 (11th Cir. 2016) (citing *Autery v. U.S.*, 992 F.2d 1523, 1526 n.6 (11th Cir. 1993)). "The exception does not cover acts that 'violated mandatory regulation or policy that allowed no judgment' or acts that, although permissible exercise of discretion, were not 'grounded in the policy of the regulatory regime.'" *Id.* (quoting *U.S. v. Gaubert*, 499 U.S. 315, 325 (2016).

In support of its motion to dismiss, the government cites statutes and regulations that it claims give the VA discretion to repair, or not to repair, a defective sidewalk. Doc. 13 at 8; *See* 40 U.S.C. § 589(a); 41 C.F.R. § 102-74.580.[2] However, Youngblood alleges that "The United States had a ministerial duty to maintain and/or repair the sidewalk disrepair." Doc. 23 ¶ 36. Youngblood has, therefore, alleged facts "which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324-25.

Moreover, in determining whether the government has a non-discretionary duty to act, the source of that duty can be found in administrative materials such as safety

---

[2] It is unclear whether the government's cited statute and regulations apply to the conduct at issue. The cited statute and regulations refer to the government's authority to "install, repair, and replace sidewalks *around* buildings, installations, property, or grounds that are—(1) under the agency's control; and (2) owned by the Federal Government." 40 U.S.C. § 589 (emphasis added); *see* 41 C.F.R. § 102-74.569 (providing that the scope of 41 C.F.R. § 102-74.580 to be "in accordance with 40 U.S.C. § 589"). Arguably, the use of the word "around" in the statute means that it only applies to sidewalks *adjacent to*, rather than on, federal property. *See Connor v. U.S.*, 461 F.2d 1259, 1260 (D.C. Cir. 1972) ("The statute…was passed in order to permit the federal government to repair sidewalks (adjacent to Federal buildings) and to reimburse city governments which undertook to repair the sidewalks.").

manuals, contracts, and policies. *See, e.g., Phillips v. U.S.*, 956 F.2d 1071 (11th Cir. 1992) (holding that a non-discretionary function existed based on a safety manual); *Swafford v. U.S.*, 839 F.3d 1365, 1372 (11th Cir. 2016) (holding that a non-discretionary function existed when a contract "specifically required [an employee] to inspect, maintain, and repair the Campground's stairways'"); *Gaubert*, 499 U.S. at 322 (explaining that government conduct is non-discretionary if "a federal statute, regulation, or policy, specifically prescribes a course of action for an employee to follow").  Thus, the regulations cited by the Government do not demonstrate as a matter of law that the VA lacked non-discretionary guidance for repairing the allegedly defective sidewalk. Some might be surprised that the VA would vest only in high-level policy makers the decision whether to fix this sidewalk at its hospital.

Accordingly, the government's motion to dismiss (Doc. 13) is **DENIED**.

**SO ORDERED,** this 1st day of April, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT